**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DARON JOSEPHS,                          :
                                        :
            Petitioner,     :    Civil No. 10-0753 (RMB)
                                        :
        v.                  :    **OPINION AND ORDER**
                                        :
ROBERT A. KIRKPATRICK,                  :
                                        :
            Respondent.     :


**APPEARANCES:**

Petitioner pro se
Daron Josephs
Wende Correctional Facility
3622 Wende Road
P.O. Box 1187
Alden, NY 14004


**BUMB**, District Judge

        Petitioner, an offender convicted in the Superior Court of
New Jersey, Law Division, Camden County, has submitted for filing
to the Clerk of this Court a Petition for Writ of Habeas Corpus
under 28 U.S.C. § 2254 challenging that conviction.  Petitioner
is currently incarcerated at Wende Correctional Facility in
Alden, New York; it is not clear whether his current
incarceration is pursuant to the challenged conviction or whether
he faces future incarceration pursuant to the challenged Camden
County conviction.  The Petition names as the sole respondent

Robert A. Kirkpatrick, apparently the superintendent of Wende Correctional Facility.

Pursuant to 28 U.S.C. § 2241, United States district courts have power to issue writs of habeas corpus "within their respective jurisdictions."  Thus, the court issuing the writ must be able to exercise personal jurisdiction over the custodian of the petitioner.  See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95, 500 (1973).

Among other things, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]."  See also Rule 2, Rules Governing § 2254 Cases in the United States District Court.  As explained in the Advisory Committee Notes following Rule 2, (1) an applicant in jail, prison, or other actual physical restraint shall name as respondent "the state officer who has official custody of the petitioner (for example, the warden of the prison)," (2) an applicant who is on probation or parole due to the state judgment he is attacking shall name as the respondent "the particular probation or parole officer responsible for supervising the applicant, and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate," and (3) an applicant in custody in any other manner due to the state action he seeks relief from shall name as respondent "the attorney general of the state wherein such action

2

was taken."  Rule 2, Rules Governing § 2254 Cases, Advisory

Committee Notes (1976 Adoption).  An applicant in jail, prison,

or other physical restraint who is attacking a state action which

will cause him to be kept in custody in the future shall name

"the state or federal officer who has official custody of him at

the time the petition is filed and the attorney general of the

state whose action subjects the petitioner to future custody."

Id.  Thus, at the least, as Petitioner is not presently in

custody within New Jersey, he must name as a respondent the

current Attorney General of New Jersey, an indispensable part for

want of whose presence the Petition must be dismissed.

A federal district court can dismiss a habeas corpus

petition if it appears from the face of the petition that the

petitioner is not entitled to relief.  See Lonchar v. Thomas, 517

U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 34, 45 (3d Cir.

1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C.

§ 2243.

It appearing that Petitioner has failed to name as a

respondent an indispensable party;

IT IS on this **19th** day of **February 2010**,

**ORDERED** that Petitioner may file an amended petition naming

a proper respondent within 45 days of the date this Order is

entered; and it is further

**ORDERED** that if Petitioner does not file such an amended petition within the above 45-day period, the Court will enter an Order dismissing the Petition without prejudice for failure to name an indispensable party.


s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge